UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Randall Joseph Eade, | ) C/A No. 6:12-00854-JFA-KFM |
|---|---|
| Petitioner, | ) |
| vs. | ) |
| Sheriff Al Cannon, | ) **Report and Recommendation** |
| Respondent. | ) |

Randall Joseph Eade ("Petitioner"), a self-represented detainee at the Charleston County Detention Center, brings this action pursuant to 28 U.S.C. § 2241. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Petitioner files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the petition in accordance with applicable law, the undersigned concludes that it should be summarily dismissed.

## *FACTS PRESENTED*

The original petition indicates that Petitioner was arrested in Dallas, Texas, on January 30, 2011. ECF No. 1, page 1. At that time, the Charleston County Sheriff's Office allegedly issued a detainer against Petitioner on a burglary warrant, No. K-343056, which had been pending since December 7, 2009. *Id.* Petitioner was sentenced to the Texas Department of Corrections for his charges in that State, and the Charleston County detainer "followed him throughout his sentence." *Id.* On February 18, 2011, Petitioner alleges that he filed a "petition/motion [under the Interstate Agreement on Detainers Act] with the Solicitor of the Ninth Judicial District, Ms. Scarlett Wilson and also with the

Charleston County Clerk of Court." *Id.* at 2. Petitioner claims that his Interstate Agreement on Detainers Act ("IADA") petition allowed Charleston County Sheriff Al Cannon only 180 days, or until August 18, 2011, to extradite Petitioner to Charleston County to answer to his South Carolina burglary charge. *Id.* at 2-3. On October 27, 2011, Petitioner's Texas sentence was terminated, and he was thereafter transferred to Charleston County on November 8, 2011. *Id.* at 4.

### *APPLICABLE LAW AND ANALYSIS*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in the above-captioned case pursuant to the procedural provisions of 28 U.S.C. § 1915, the Rules Governing Section 2254 Proceedings for the United States District Court,[1] and the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). However, even under this less stringent standard, the undersigned finds and concludes that the petition and amended petition submitted in the above-captioned case are subject to summary dismissal. The requirement of liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

a claim currently cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

Petitioner alleges that the Respondent has violated the IADA and that he is being illegally detained. ECF No. 1, page 5. Petitioner has filed an amended petition that further alleges that he should be released and his burglary charge/warrant dismissed because the Respondent[2] has not disposed of his pending charge within 180 days from the date of arrest. ECF No. 13, page 4. Ordinarily, federal habeas corpus relief for a state prisoner is available post-conviction. However, *pretrial* petitions for habeas corpus are properly brought under 28 U.S.C. § 2241, "'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'" *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)). Although § 2241 itself does not contain an exhaustion requirement, a prisoner must first exhaust any state court remedies that may be available. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999)(noting state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas corpus petition); *Durkin v. Davis*, 538 F.2d 1037, 1041 (4th Cir. 1976).

As an initial matter, the amended petition provides no facts to indicate that Petitioner has made any attempt to raise the Respondent's alleged violation of Petitioner's right to a speedy trial in state court. Thus, Petitioner fails to demonstrate exhaustion of

---

[2] Petitioner also listed Solicitor Scarlett Wilson as a respondent in the amended petition. ECF No. 13 at 1. A prisoner's custodian is the proper respondent in a habeas corpus action. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). Therefore, Solicitor Wilson has not been added to the Court's docket as a respondent in this case.

state remedies for his speedy trial claim. In regards to the IADA claim, Petitioner alleges that he filed a motion or petition with the Solicitor and Clerk of Court for Charleston County, ECF No. 1 at 2, but provides no specific information to demonstrate that he has exhausted the formal procedures of the IADA.[3] However, even assuming, without deciding, that Petitioner has properly complied with the terms of the IADA, the instant habeas petition is still subject to summary dismissal.

The IADA is a "compact entered into by 48 States, the United States, and the District of Columbia to establish procedures for resolution of one State's outstanding charges against a prisoner of another State." *New York v. Hill*, 528 U.S. 110, 111 (2000). The Fourth Circuit, along with the majority of federal circuits, holds that a violation of the IADA, without more, generally comprises no ground for habeas corpus relief. *See Kerr v. Finkbeiner*, 757 F.2d 604, 607 (4th Cir. 1985); *see also Reed v. Farley*, 512 U.S. 339, 352 (1994)*; Fasano v. Hall,* 615 F.2d 555, 558 (1st Cir.1980) (holding violations of IADA are not fundamental defects indicating a miscarriage of justice so as to be cognizable in federal habeas proceeding)*; Browning v. Foltz,* 837 F.2d 276, 283 (6th Cir.1988) *(*holding violation of IADA does not give rise to federal habeas relief)*; Reilly v. Warden, FCI Petersburg,* 947 F.2d 43, 44 (2nd Cir.1991) (same). In *Kerr*, the Fourth Circuit noted that the petitioner, who sought habeas corpus relief for an alleged violation of the IADA time provisions for speedy disposition of untried charges, had introduced no evidence to show that the delay in disposition caused petitioner to suffer prejudice in his incarceration or in defending against

---

[3] The IADA sets forth very clear, formal procedures through which a pretrial petitioner must raise and exhaust his objections. 18 U.S.C. App. 2 § 2, Art. III.

his criminal charges. *Kerr*, 757 F.2d at 607. Because that the case did not "'present exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* [was] apparent,'" *id.* (citation omitted), the Fourth Circuit held that the alleged violation of the 180 day IADA time provision did not present a cognizable habeas claim. As in *Kerr*, the petition in this action provides no information to indicate that the Respondent's alleged delay in transferring Petitioner to Charleston County for disposition of his burglary charge has prejudiced Petitioner in defending against that charge. As such, Petitioner fails to demonstrate exceptional circumstances sufficient to warrant habeas review of his IADA claim.

The amended petition's allegation that the Respondent has failed to dispose of Petitioner's South Carolina burglary charge within 180 days from the date of arrest, ECF No. 13 at 4, is likewise subject to summary dismissal. Generally, "an attempt to dismiss an indictment or otherwise prevent a prosecution" is not attainable through federal habeas corpus. *Dickerson v. State of Louisiana*, 816 F.2d 220, 226 (5th Cir. 1987) (quoting *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976)). In addition, a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances," *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996)(citing *Younger v. Harris*, 401 U.S. 37, 43-44 (1971)), and federal habeas relief is available under § 2241 only if "special circumstances" justify the provision of federal review. *Dickerson*, 816 F.2d at 224-26; *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90 (1973).

While "special circumstances" lacks any precise, technical meaning, courts have essentially looked to whether procedures exist which would protect a petitioner's constitutional rights without pre-trial intervention. *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975). Where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstance is shown. *Id.* Special circumstances are likewise nonexistent where the right may be adequately preserved by orderly post-trial relief. *Id*. Thus, a federal court should abstain from considering a speedy trial claim at the pretrial stage where such a claim may be raised at trial and on direct appeal. *United States v. MacDonald*, 435 U.S. 850 (1978); *Brazell v. Boyd*, No. 92-7029, 1993 WL 98778 at *2 (4th Cir. April 5, 1993) (finding district court should abstain from considering a speedy trial claim pursuant to *Younger* even if the case were properly exhausted); *Dickerson*, 816 F.2d at 226-27. In this case, Petitioner can pursue the Respondent's alleged denial of a speedy trial in state court both during and after trial. As the amended petition fails to demonstrate "special circumstances," or to show that Petitioner has no adequate remedy at law and will suffer irreparable injury if denied his requested relief of dismissal of all charges and release from imprisonment, *see Younger*, 401 U.S. at 43-44, federal habeas relief is precluded at this time.

## *CONCLUSION AND RECOMMENDATION*

Accordingly, it is recommended that the petition and amended petition in the above-captioned case be dismissed without prejudice.

| | |
|---|---|
| May 31, 2012 | s/ Kevin F. McDonald |
| Greenville, South Carolina | United States Magistrate Judge |

***Petitioner's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).